UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 1:07CR00105 ERW(DDN) |
| ) | |
| DANNY RAY HART, ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge David D. Noce [doc. #35], pursuant to 28 U.S.C. §636(b). On January 9, 2007, the Defendant filed objections to the Report and Recommendation. The Report recommends that Defendant's Motion to Suppress Evidence [doc. #23] be granted in part and denied in part, and that Defendant's Motion to Suppress Identification Testimony [doc. #24] be denied.

"[W]hen a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, '[a] judge of the court shall make a de novo review determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)). Defendant objects to the Magistrate Judge's findings that the search warrant was validly issued, and that the identification testimony is admissible.[1] Specifically, Defendant

---

[1] Defendant does not object to the finding that the crack cocaine, sold to the cooperating individual on July 17, 2006, is admissible, and therefore the Court will not address the Magistrate's finding on that issue.

1

argues that the information in the supporting affidavit, which formed the basis of the search warrant, omitted key facts that would have negated probable cause. The Court concludes that the Magistrate Judge's findings were correct, and therefore adopts the Magistrate Judge's findings of facts and conclusions of law.[2]

**I. Identification Testimony**

Although the Government has stated that it will not use Officer Seger's identification of Defendant from Defendant's Missouri driver's license photograph in its case in chief, it has not stated that it will not use the identification at all. Furthermore, Officer Seger intends to testify at trial and identify the person, involved in the July 17, 2006 drug transaction, as Defendant. Therefore, the Magistrate Judge was correct in addressing the admissibility of both Officer Seger's initial identification from the driver's license photograph, as well as the anticipated in court testimony.

Identification of a suspect based on a single photograph, is considered unreliable, as it may be unduly suggestive. *Stovall v. Denno*, 388 U.S. 293, 302 (1967) ("The practice of showing suspects singly to persons for the purpose of identification, and not as part of a lineup, has been widely condemned.") However, "a claimed violation of due process of law in the conduct of a confrontation depends on the totality of the circumstances surrounding it . . . ." *Stovall*, 388 U.S. at 302; *see also Gallagher v. U.S.*, 406 F.3d 102, 106 (8th Cir. 1969) ("We hold that each case must be considered on its own facts. . . ."). Furthermore, the Eighth Circuit has allowed the admission of a single suspect identification, leaving the weight to be given to that identification to be decided by the jury. *See U.S. v. Johnson*, 540 F.2d 954, 960 (8th Cir. 1976) (The court held

---

[2]The Magistrate Judge thoroughly recited the facts surrounding the two pending motions, and therefore this Court will not repeat them.

that the identification testimony was admissible, and that "it was for the jury to say what weight should be given to the testimony. . . ."). "[C]onviction based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Gallagher*, 406 F.2d at 106.

In determining whether such identification was reliable, the Supreme Court has provided a number of factors to be considered. *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977). The factors to be considered "include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation." *Id.*

Using these factors, and the Eighth Circuit's broad admission of identification evidence, Officer Seger's photographic identification is admissible, as well as any anticipated trial testimony. Officer Seger had numerous opportunities to observe the Defendant during the July 17, 2006 drug transaction. Furthermore, Officer Seger was observing the Defendant with the express purpose of being able to identify him at a later point in time. He went immediately from the drug transaction to the Southwest Missouri Drug Task Force office in Sikeston, Missouri, where the identification was made. Furthermore, Officer Seger demonstrated a high degree of certainty regarding the identification. Officer Seger's identification testimony is admissible.

**II. Search Warrant**

The Court next addresses the issuance and execution of the search warrant, by Missouri Associate Circuit Judge Scott T. Horman on July 12, 2007, that led to the seizure of numerous items from Defendant's residence. The Court will address the issuance and execution, in turn,

3

specifically focusing on Defendant's objections to the issuance of the search warrant. Officer Bickford submitted an affidavit in support of the search warrant application for search of Defendant's residence. In that affidavit, Officer Bickford stated that on July 9, 2007, Officer Bickford was told by a confidential informant that the informant had been at Defendant's residence, and had seen a large quantity of crack cocaine. The affidavit further referenced a controlled purchase of crack cocaine from the Defendant by the informant, on July 11, 2007. Defendant asserts that the affidavit was insufficient because it failed to include a number of key facts, which would have negated probable cause. Specifically, Defendant asserts that it failed to include the fact that the controlled purchase was neither recorded, nor was any surveillance used inside Defendant's residence; therefore, Defendant argues that there is no corroborating evidence that Defendant actually sold the drugs purchased by the informant. Defendant further asserts that the affidavit failed to state that the money used in the controlled purchase was marked, or that the drugs purchased were ever tested.

In reviewing the legality of the issuance of a search warrant, the Court reviews whether the issuing judge had a substantial basis for concluding that probable cause existed for the issuance of the warrant. *U.S. v. Martin*, 866 F.2d 972, 976 (8th Cir. 1989) ("The sufficiency of a search warrant is determined in the first instance upon the basis of the information presented to the issuing official . . . ."). "A judicial officer who has been called upon to issue a search warrant must determine whether, in light of all the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* (internal citation omitted); *see also U.S. v. Durham*, 470 F.3d 727, 733 (8th Cir. 2006). "An issuing judge's probable cause determination is entitled to substantial deference." *Durham*, 470 F.3d at 733.

4

Defendant's arguments can be summed up as an argument that there was insufficient information corroborating the confidential informant's testimony to establish probable cause. Generally, "[a]n informant's tip can be relied on to support a probable cause determination if the informant has provided reliable information in the past or if the tip is independently corroborated." *Durham*, 470 F.3d at 733 (citing *U.S. v. Caswell*, 436 F.3d 894, 898 (8th Cir. 2006). In the case at bar, the confidential informant's "tip," that Defendant's residence contained crack cocaine, was corroborated by the later purchase of crack-cocaine by the informant. While the additional information stated by the Defendant would have bolstered the informant's credibility, those omissions are insufficient to question the issuing judge's probable cause determination. In addition, the Court notes that on June 21, 2007, a federal grand jury issued its indictment, charging the Defendant with aiding and abetting the cocaine distribution on July 17, 2006; this information further supports the issuing judge's determination of probable cause. *See e.g. Caswell*, 436 F.3d at 899 ("[T]he discovery of the gun and the methamphetamine in the vehicle, along with the detective's statement that, in his experience, other narcotics would likely be found at the residence, provided a substantial basis for the issuing judge to believe that the items sought in the search warrant would be found at the defendant's residence."). The Court concludes that the search warrant was validly issued.

No objection was made to the Magistrate Judge's findings regarding specific items that were seized, and therefore the Magistrate Judge's ruling requires little discussion. The Court agrees that those items sized by the executing officer's that were not contraband, surveillance equipment, or financial records, were properly suppressed. The executing officer's did not have a reasonable basis to believe that those items seized were received as payment for drugs, they were

not specifically listed in the search warrant, nor was their illegal nature immediately apparent. All other items seized were clearly within the scope of the search warrant.

## III.  CONCLUSION

The Court fully adopts the Magistrate Judge's report and recommendation. The identification of Defendant both prior to indictment, and the anticipated testimony at trial, by Officer Seger is admissible, as it comports with all constitutional requirements of reliability. Additionally, the search warrant was validly issued, and the evidence seized is admissible, as delineated by the Magistrate Judge. Those items that were seized because police believed they were received by Defendant as payment for contraband are not admissible, however, all evidence of drugs, surveillance equipment, funds, and financial records is admissible.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Suppress Evidence [doc. #23] is **GRANTED in part** and **DENIED in part**. It is denied as to Inventory Items A through S, the residence's security equipment, and Item JJ. It is granted as to all other seized items.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Identification Testimony [doc. #24] is **DENIED**.

Dated this 25th Day of September, 2007.

                                               _____
                                               E. RICHARD WEBBER
                                               UNITED STATES DISTRICT JUDGE